**UNITED STATES of America,**
**Plaintiff-Appellant**

**v.**

**Eva KOMISAR, Defendant-Appellee.**

**No. 16555.**

United States Court of Appeals
Sixth Circuit.

Dec. 14, 1966.

Gilbert Merritt, Jr., U. S. Atty., Nashville, Tenn., Mitchell Rogovin, Asst. Atty. Gen., Tax Division, Department of Justice, Washington, D. C., for appellant.

W. S. Hofstetter, Nashville, Tenn., for appellee.

Before PHILLIPS and EDWARDS, Circuit Judges, and McALLISTER, Senior Circuit Judge.

### ORDER.

The above cause coming on to be heard; and it appearing that the judgment of this court reversing the judgment of the district court was heretofore duly entered, and the mandate issued; and it appearing that since the entry of the judgment and issuance of the mandate, Section 6323 of the Internal Revenue Code of 1954 was amended, and that on November 2, 1966, the said statute was signed by the President of the United States providing for immediate effect thereof; and that the said statute changed the prior law with the result that liens for reasonable attorneys' fees incurred in collecting obligations secured and for insurance premiums paid to protect the property in question, are now prior to the lien of the United States for taxes to the same extent that, under local law, any such item has the same priority as the lien or security interest to which it relates; and it appearing that counsel for the United States of America, plaintiff appellant, and counsel for Eva Komisar, defendant appellee, have agreed that, because of the intervening change of statutory law, the judgment entered by this court reversing the judgment of the district court in this case should be set aside, and that the mandate heretofore issued should be recalled for entry of an order affirming the judgment of the district court.

Now, therefore, after due consideration, it is hereby ordered, adjudged and decreed that the mandate heretofore issued be recalled; the judgment reversing the judgment of the district court be set aside; and the judgment of the district court be and is hereby affirmed.