94 F.3d 645
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Stephen Franklin OGLESBY, also known as David Allen Taylor,
Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-6449.
 United States Court of Appeals, Sixth Circuit.
 Aug. 19, 1996.
 
 Before: MARTIN, KRUPANSKY, and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 This is an appeal from a judgment denying a motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1990, Stephen Oglesby pleaded guilty to conspiring to manufacture methamphetamine, aiding and abetting the possession with intent to distribute methamphetamine, possession of firearms during the commission of a drug offense, and possession of a firearm by a convicted felon. On direct appeal, a panel of this court affirmed the conviction but remanded for resentencing solely for the redetermination of the amount of methamphetamine to be attributed to Oglesby in the guideline sentence process. United States v. Oglesby, Case Nos. 90-6574 and 91-5705, 1992 WL 120321 (6th Cir. June 4, 1992) (per curiam). On remand, the court recalculated the amount of drugs attributable to Oglesby and imposed the same term of imprisonment. This sentence was affirmed on direct appeal. United States v. Oglesby, Case Nos. 92-6521/6522/6524, 1993 WL 393093 (6th Cir. Oct. 4, 1993) (order).
 
 
 3
 In 1995, Oglesby filed a § 2255 motion to vacate sentence in which he challenged the constitutionality of the second sentence. The court denied the motion and this appeal followed. The parties have briefed the issues; Oglesby is proceeding without benefit of counsel. In addition, Oglesby has filed a motion to supplement the record.
 
 
 4
 The sole focus of this action is the effect on Oglesby's sentence of the subsequent dismissal of a state court conviction that was used as a statutory enhancement factor. This court renders de novo review of decisions granting or denying relief under 28 U.S.C. § 2255 and reviews a district court's findings of fact for clear error. Cardinal v. United States, 954 F.2d 359, 362 (6th Cir.1992). An examination of the record and law reflects that the district court did not err in denying the motion and that the ground raised does not present a fundamental defect in the proceedings that resulted in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process. United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 508 U.S. 943 (1993).
 
 
 5
 Oglesby was originally sentenced under the provisions of 21 U.S.C. § 841(b)(1)(A)(iii). That statute provided for a mandatory minimum sentence of 20 years for one with a "prior conviction for a felony drug offense" that had become final. The district court found that Oglesby was a person with a prior, final felony drug conviction by virtue of a 1978 conviction from the Curry County [Oregon] Circuit Court. The court reached this decision only after the introduction of an Oregon state court docket sheet, a court order and other related material. Oglesby challenged this decision on direct appeal. The Sixth Circuit did order a second sentencing for Oglesby on remand but affirmed the district court's conclusion about the Oregon conviction as not being clearly erroneous. The validity of the Oregon conviction was not an issue in the second appeal.
 
 
 6
 In 1995, Oglesby filed the present motion to vacate sentence in which he contended that his federal sentence had been rendered illegal owing to the dismissal with prejudice of the prior Oregon state felony conviction. Oglesby filed a copy of a Curry County order which reflects that on March 2, 1995, the prior felony case "is hereby dismissed with prejudice. The forfeiture of bail as previously ordered remains in effect." There is no other explanatory language in the order. The government conceded that this document "provides the Court with the necessary information to infer that the guilty plea upon which the enhancement was based was vacated." The district court subsequently concluded that, even acknowledging the validity of the 1995 Curry County order, Oglesby presented no evidence that the vacated conviction was set aside as being unconstitutional.
 
 
 7
 The district court's decision is supported in the record and law, even assuming that § 2255 provides a vehicle to test the validity of a sentencing factor that was already tested on direct appeal. One challenging the validity of a prior conviction used to enhance a subsequent conviction clearly bears the burden to demonstrate that the prior conviction was unconstitutional. United States v. Sammons, 918 F.2d 592, 603-04 (6th Cir.1990). Oglesby's pleadings and Oregon court documents, including the "Exhibit F" offered on appeal, show nothing more than the fact of the dismissal simpliciter. Oglesby argues that the dismissal is in response to a 17 year old demand for a speedy trial while he was in custody in Georgia. The government persuasively counters, however, that the evidence presented is at least as indicative that Oglesby jumped bail in Oregon prior to sentencing and this dismissal was merely an act of administrative "housecleaning" for an Oregon court system that had given up on Oglesby's return. Oglesby has not met his burden under Sammons. The appeal lacks merit.
 
 
 8
 Accordingly, the motion to supplement the record is granted and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.