**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Stephen Franklin OGLESBY,**
**Defendant–Appellant.**

**No. 02–5727.**

United States Court of Appeals,
Sixth Circuit.

DECIDED: Jan. 31, 2003.

Before RYAN, BATCHELDER, and LAY,* Circuit Judges.

*ORDER*

Pro se federal prisoner Stephen Franklin Oglesby appeals a district court order

---

* The Honorable Donald P. Lay, United States Circuit Judge for the Eighth Circuit, sitting by

that denied his Fed.R.Civ.P. 60(b) motion. The case has been referred to this panel pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. We unanimously agree that oral argument is not needed. Fed. R.App. P. 34(a).

In his Rule 60(b) motion, Oglesby sought to relitigate the identical issues rejected by this court in the appeal from the denial of his second 28 U.S.C. § 2255 motion. *See Oglesby v. United States,* No. 95–6449, 1996 WL 470946 (6th Cir. Aug. 19, 1996). The district court denied the motion on the ground that civil rule 60(b) is not applicable in criminal proceedings.

We affirm the district court's decision on grounds other than those employed by the district court. *Russ' Kwik Car Wash, Inc. v. Marathon Petroleum Co.,* 772 F.2d 214, 216 (6th Cir.1985).

Because we have rejected Oglesby claims previously on the merits, the law-of-the-case doctrine relieves us from repeating ourselves. The doctrine dictates that issues, once decided, should be reopened only in extraordinary circumstances. *Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 817, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988). Oglesby's instant contentions implicate no extraordinary circumstances: they are mere echos of his prior unsuccessful contentions.

Accordingly, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.