**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Mansour SAIKALY, Defendant–**
**Appellant.**

No. 01–4001.

United States Court of Appeals,
Sixth Circuit.

Sept. 5, 2003.

Samuel A. Yannucci, Asst. U.S. Attorney, U.S. Attorney's Office, Akron, OH, for Plaintiff–Appellee.

Dennis P. Levin, Cleveland, OH, for Defendant–Appellant.

Before RYAN and BATCHELDER, Circuit Judges; and TARNOW,* District Judge.

* The Honorable Arthur J. Tarnow, United States District Judge for the Eastern District of Michigan, sitting by designation.

BATCHELDER, Circuit Judge.

Defendant Mansour Saikaly appeals the 240–month sentence of incarceration imposed for his conviction on one count of conspiracy to traffic in cocaine, arguing that the sentence violates the rule announced in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Because we find Saikaly's sentence comports with the rule of *Apprendi*, as explained in *Harris v. United States*, 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002), we will affirm the sentence.

## BACKGROUND

This is the third incarnation of Mr. Saikaly's appeal to this court. Our opinion today includes only the procedural and factual background material to this appeal; the entire procedural and factual history underlying this action is reported at *United States v. Saikaly*, 207 F.3d 363 (6th Cir.2000). In April of 1993, Saikaly was convicted by a jury on one count of conspiracy to distribute and possess with the intent to distribute cocaine, in violation of 21 U.S.C. § 846, as well as two counts of unlawful possession of a weapon in violation of 18 U.S.C. § 922(g) and on one count of using and carrying firearms during and in relation to the drug conspiracy offense in violation of 18 U.S.C. § 924(c). Finding that Saikaly was responsible for more than five but less than fifteen kilograms of cocaine, that he was an armed career criminal, pursuant to USSG § 4B1.4, and that his criminal history category was V, the district court sentenced him to a total of 360 months in prison. On appeal, this court affirmed Saikaly's conviction and sentence. *See United States v. Ross*, Nos. 93–3772, 93–3880, 93–3901, 93–3915, 93–3916, 93–4040, 93–4198, 1995 WL 253183, 1995 U.S.App. LEXIS 9955 (6th Cir. April 27, 1995).

Saikaly then filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, arguing, among other things, that his conviction under 18 U.S.C. § 924(c) for the possession or use of a firearm in the furtherance of a drug crime was invalid under *Bailey v. United States*, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), and that his counsel, both at trial and on appeal, were ineffective because they failed to object to his classification as an armed career criminal. The district court granted Saikaly's Section 2255 motion on those two grounds and ordered a new sentencing hearing. The new presentence report prepared by the probation department found, among other things, that the amount of cocaine the government attributed to Saikaly was more than five but less than fifteen kilograms, resulting in a base offense level of thirty-two under the Sentencing Guidelines; however, the report noted that Saikaly attributed to himself only 2.5567 kilograms (the total amount listed in the overt acts set out in the indictment), which would result in a base offense level of twenty-eight. Saikaly objected to the new presentence report, specifically challenging–for the first time–the amount of cocaine attributed to him. The district court declined to recalculate or change the drug quantity. inasmuch as that issue had not been raised on prior appeal or in the Section 2255 motion, and sentenced Saikaly to a term of 240 months' imprisonment.[1]

---

1. A person convicted of violating 21 U.S.C. § 846 (conspiracy) is "subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy." Accordingly, Saikaly was sentenced under the general scheme of

21 U.S.C. § 841. Under 21 U.S.C. § 841(b)(1)(A), a person committing a drug offense involving five kilograms or more of cocaine faces a mandatory minimum sentence of twenty years if such person commits the violation after a prior conviction for a felony

On appeal, a split panel of this court held that the district court had erred in refusing to consider Saikaly's objections to the drug quantity contained in the presentence report. *See Saikaly*, 207 F.3d at 370. We remanded the case for further consideration of Saikaly's sentence. While Saikaly's case was before the district court on remand, the Supreme Court issued its opinion in *Apprendi*.

On remand, the case was assigned to District Court Judge Polster, following the retirement of District Court Judge Bell, who had presided over all prior proceedings. Before Judge Polster, Saikaly filed a motion based solely on *Apprendi*, objecting to his sentence on the grounds that the drug quantity had not been determined by the jury, and demanding that the conviction on the drug conspiracy charge be vacated, or that he be released from custody on the basis of the time he had already served, or that he be granted a new trial. Judge Polster, while considering Saikaly's objections to the amount of cocaine attributed to him, struggled to apply two decisions from this court: *United States v. Ramirez*, 242 F.3d 348 (6th Cir.2001) (applying *Apprendi* and holding that a defendant convicted under 21 U.S.C. § 841(a)(1) for an unspecified quantity of drugs must be sentenced under 21 U.S.C. § 841(b)(1)(C), which has no mandatory minimum sentence), and *In re Michael A. Clemmons*, 259 F.3d 489 (6th Cir.2001)

(holding that *Apprendi* does not apply retroactively to cases on collateral review). The district court concluded that although the matter was before it on collateral review–and hence *Apprendi* did not apply–nonetheless, because after *Apprendi*, drug quantity is a factual issue that must be proven beyond a reasonable doubt. "it would be impermissible under *Apprendi* for the court to make a factual assessment of the quantity of drugs attributable to Saikaly." Accordingly, the district court held, "the only appropriate course of action is to let Judge Bell's initial decision on drug quantity stand. There is, therefore, a mandatory minimum sentence that must be imposed, so the sentence of 240 months remains in place." Saikaly filed a timely notice of appeal and the district court granted a certificate of appealability.

## ANALYSIS

We first note that this case comes before us as a direct appeal and not on collateral review,[2] and consideration of the *Apprendi* issue is therefore appropriate. Saikaly complains on appeal that the district court failed to comply with our instructions on remand to consider Saikaly's objections to the drug quantities attributed to him by the presentence report, and, instead, simply adopted Judge Bell's original determination of drug quantity and reimposed the resulting minimum sentence under 21 U.S.C. § 841(b)(1)(A). Saikaly argues that the district court should have sentenced

---

drug offense becomes final. Because Saikaly had already been convicted of a felony drug offense, and the court had attributed five kilograms of cocaine to Saikaly, his mandatory minimum sentence was 240 months.

2. The district court's attempt to apply *In re Clemmons*, its holding that *Apprendi* does not apply retroactively to cases on collateral review, and its issuance of a certificate of appealability are inapposite here. The matter was before Judge Polster on remand after Judge Bell had granted Saikaly's Section

2255 motion, vacated his initial sentence and imposed a new sentence, which Saikaly appealed. Saikaly's appeal of that sentence was a direct appeal, and this court's remand for consideration of Saikaly's objections to the new presentence report was outside the context of his Section 2255 petition. Accordingly, there was no need for a Certificate of Appealability in this case because Saikaly's Section 2255 petition had previously been granted. *See* 28 U.S.C. § 2253(c); Fed. R.App. P. 22(b).

him under 21 U.S.C. § 841(b)(1)(C), the "default" provision for the lowest detectable drug quantity, which carries no mandatory minimum sentence, and by failing to do so, the district court violated the rule in *Apprendi.* We review *de novo* a defendant's claim that his sentence violates his constitutional rights under *Apprendi. United States v. Lloyd,* 10 F.3d 1197, 1220 (6th Cir.1993).

Saikaly relies upon our opinion in *United States v. Ramirez,* 242 F.3d 348 (6th Cir.2001). which held that any aggravating factors, such as drug quantity. "that increase the penalty from a nonmandatory minimum sentence to a mandatory minimum sentence, or from a lesser to a greater minimum sentence, are now elements of the crime to be charged and proved." *Id.* at 351–52. Under this rule, the district court would have erred by sentencing Saikaly–with an aggravating sentencing factor of five kilograms of cocaine–to the statutory minimum of twenty years under 21 U.S.C. § 841(b)(1)(A). However, the Supreme Court, in *Harris v. United States,* 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002), effectively overruled *Ramirez* as it applied to mandatory minimum sentences. *See United States v. Leachman,* 309 F.3d 377, 383 (6th Cir.2002). This court's recent opinion in *United States v. Copeland,* 304 F.3d 533 (6th Cir.2002), *amended by* 321 F.3d 582 (6th Cir.2003), directly addresses the question presented in the case at bar. In *Copeland,* we held that:

> while *Harris* does not alter this court's well-established principle that, where drug quantity is not proved beyond a reasonable doubt, a defendant's sentence cannot *exceed* the statutory range set forth in § 841(b)(1)(C), *Harris* does modify our prior holdings such that a defendant cannot demonstrate an *Apprendi* violation where he has been sentenced to a term of years *encompassed* by § 841(b)(1)(C). Thus, where a defen-

dant is made subject to a higher range of punishment under §§ 841(b)(1)(A) and (B) but is nonetheless sentenced within the confines of § 841(b)(1)(C), his rights under *Apprendi* are not violated. *Copeland,* 321 F.3d at 603 (italics in original).

Even if the district court erred in failing to follow our instruction that it consider Saikaly's objections to the presentence report's finding of drug quantity, that error is patently harmless. Judge Polster addressed Saikaly's objections—which, as we have pointed out, were based solely on *Apprendi*—as we instructed the court to do on remand. In any event, however, there is no *Apprendi* error in the present case. Saikaly argues only *Apprendi:* "BY VIRTUE OF *APPRENDI.* A STATUTORY MANDATORY MINIMUM SENTENCE SPECIFIED IN EITHER § 841(B)(1)(A) OR § 841(B)(1)(B) CANNOT MANDATE A PRISON SENTENCE THAT EXCEEDS THE HIGHEST SENTENCE TO WHICH THE DEFENDANT WOULD OTHER WISE HAVE BEEN EXPOSED...." Appellant's Reply Brief at ii, 1. Saikaly does not contest the fact that when he committed the instant offense, he already had a final prior conviction for a felony drug offense. 21 U.S.C. § 841(b)(1)(C) therefore requires that he be sentenced to a term not to exceed thirty years' (360 months') imprisonment. The district court sentenced him to 240 months' imprisonment, a term manifestly within the confines of § 841(b)(1)(C). Saikaly's sentence does not violate the rule in *Apprendi,* which is the only issue raised on appeal.

## CONCLUSION

For the foregoing reasons, we AFFIRM the sentence imposed by the district court.

ARTHUR J. TARNOW, District Judge, concurring in part and dissenting in part.

TARNOW, District Judge.

I agree with the majority that *Apprendi v. New Jersey.* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) does not provide Mr. Saikaly any relief. But aside from *Apprendi,* there is another issue raised by this appeal. The Appellant also argued in his brief that:

> Inasmuch as the issue of the quantity of drugs to be attributed to Appellant was an issue specifically ordered by this Court to be addressed on remand, it is incomprehensible how the trial court could merely disregard that issue altogether. (Appellant's Brief at 18).

In addressing this issue, though, the majority states, "[e]ven if the district court erred in failing to follow our instruction that it consider Saikaly's objections to the presentence report's finding of drug quantity, that error is patently harmless."

I do not understand the use of "patently harmless." A prior panel, in a published opinion, remanded this case to the District Court to make a factual determination about the drug quantity before *Apprendi.* The Sixth Circuit in *Saikaly II* stated that:

> The district court should have considered Saikaly's objections to the second, "new" presentence report. The district court order the preparation of a new report without limitation, and the new report set forth a statement regarding the amount of drugs that differed from the original presentence report.

207 F.3d 363, 370 (6th Cir.2000). The panel went on to say that:

> Saikaly may not prevail on the merits of his argument, because it seems fairly obvious that Saikaly could reasonably foresee that more than five kilograms of cocaine were attributable to the conspiracy. Nonetheless, it is not for this Court to make that determination; the issue is whether the district court erred by failing to consider Saikaly's objection. We find that it did.

*Id.*

There is no discussion of "harmless error" in the prior opinion. In fact, the panel seems to have explicitly considered the idea that the district judge would make the same determination, and they remanded anyway. Thus, in the absence of an *en banc* decision overturning the prior decision. this Court cannot affirm the district court's decision to simply reimpose the prior sentence; the district judge did not make a factual determination as ordered.[1] The law of the case doctrine mandates a remand for a factual determination on drug quantity. "The [law of the case] doctrine dictates that issues, once decided, should be reopened only in extraordinary circumstances." *U.S. v. Oglesby,* 55 Fed. Appx. 353, 2003 WL 245358, *1 (6th Cir. 2003) (unpublished) (Batchelder.Ryan, Lay, JJ.) (citing *Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 817, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988)).

It is true that Appellant's attorney raised the drug quantity issue in his Statement of Issues for Review[2] and then failed

---

**1.** It should be noted that, on remand, the case was reassigned to District Judge Polster after the retirement of the original trial judge. Also, the Supreme Court's decision in *Apprendi* was issued after this Court remanded the case. Finally, Appellant's counsel may have emphasized the *Apprendi* issue because he felt the drug quantity issue was not as strong. Thus, Judge Polster was forced to apply the new decision in *Apprendi* to an unfamiliar

case at a time when the law on drug quantities was very much in flux. For example, the Supreme Court had not yet decided *Harris v. United States,* 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002), where they decided that factors only affecting mandatory minimum sentences may be determined by the trial judge.

**2.** Issue I in Appellant's Statement of Issues for Review states:

to assert it as a point heading in his brief. However, his failure to raise drug quantity as a point heading is not a reason to disregard the issue altogether. As noted, the drug quantity argument is asserted in the body of the brief. In addition, by failing to consider the issue due to attorney error, this Court is simply inviting another 28 U.S.C. § 2255 motion on a case that has already been before this Court three times. While the majority's decision is expedient for now in that it does not involve a remand, in the long run, the case will likely be returning here on Appellant's assertion that he received ineffective assistance of counsel. If, as the majority believes, the drug quantity is easily supported by the record, it would be both simpler and fairer to remand to the district court to make a factual determination in the first instance. Therefore, I respectfully dissent on the drug quantity issue.

Whether the trial court erred in re-sentencing the appellant to the same sentence previously vacated by this Court without making a determination as to the amount of

drugs that was attributable to the Appellant as directed by the Sixth Circuit Court of Appeals on remand and without holding a hearing on said issue.