*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 05a0402p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT



UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

MANSOUR SAIKALY,

*Defendant-Appellant.*

No. 01-4001

Filed: September 28, 2005

Before: RYAN and BATCHELDER, Circuit Judges; TARNOW, District Judge.[*]

_____

**ORDER**

_____

The defendant is a federal inmate serving a 240-month sentence as the result of his 1993 jury conviction on drug conspiracy charges. In the last of three appeals, this court affirmed his amended sentence, rejecting a claim that his sentence violated the holding of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *United States v. Saikaly*, 75 Fed. Appx. 387 (6th Cir. Sept. 5, 2003) (unpublished decision). This court's mandate issued on October 29, 2003. Seventeen months later — on March 30, 2005 — the defendant tendered to this court a motion to recall that mandate on the ground that the United States Supreme Court's decision in *United States v. Booker*, 543 U.S. __ , 125 S. Ct. 738 (2005), shows that our September 5, 2003 decision was "patently wrong" and warrants the recall of the mandate "in order to prevent injustice."

On direct appeal, this court affirmed the defendant's original conviction and 360-month sentence. *United States v. Ross*, 53 F.3d 332 (6th Cir.) (table), *cert. denied*, 516 U.S. 976 and 1024 (1995). Thereafter, the defendant filed a motion to vacate his sentence under 28 U.S.C. § 2255, successfully challenging his conviction on two of the firearms charges and his classification, for sentencing purposes, as an armed career criminal. Upon resentencing, he received a 240-month sentence. On appeal, this court affirmed in part, but remanded the case for further consideration of the defendant's objections to the amount of cocaine attributed to him under the sentencing guidelines. *United States v. Saikaly*, 207 F.3d 363 (6th Cir. 2000).

While the case was pending on remand, the United States Supreme Court issued its opinion in *Apprendi*, holding that any finding of fact that increased a sentence beyond the maximum permitted by statute had to be determined by a jury. Because the trial judge, and not the jury, had determined the amount of cocaine attributed to the defendant for sentencing purposes, the defendant

_____

[*] The Honorable Arthur J. Tarnow, United States District Judge for the Eastern District of Michigan, sitting by designation.

argued that his sentence on the drug conspiracy charge should be vacated, that he should be released for time served, or that he should be granted a new trial. The district court rejected such arguments and again imposed a 240-month sentence. On appeal, this court affirmed, holding there was no *Apprendi* error because the sentence given the defendant was within the maximum sentence for the conspiracy conviction. *United Stares v,. Saikaly*, 75 Fed. Appx. 387 (6th Cir. Sept. 5, 2003) (unpublished opinion). This court's mandate issued on October 29, 2003. The defendant did not file a petition for a writ of certiorari.

In March 2004, the petitioner filed another § 2255 action, arguing that counsel rendered ineffective assistance by failing to properly raise the *Apprendi* issue on appeal. The district court construed that action as an application for permission to file a successive § 2255 action and transferred the case to this court under 28 U.S.C. § 2244(b)(3). A three-judge panel of this court denied leave to file a successive action. *In re Saikaly*, No. 04-3440 (6th Cir. Sept. 21, 2004) (unpublished order).

The United States Supreme Court subsequently issued its decision in *Booker*, holding that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." The defendant asserts that this decision applies directly to his sentence and renders this court's September 5, 2003 decision rejecting his *Apprendi* arguments "patently wrong." He therefore asks this court to recall its mandate, vacate his sentence, and remand his case once again to the district court for further proceedings.

Before the petitioner tendered his motion to recall the mandate, this court held that *Booker* established a new rule of criminal procedure and therefore did not apply retroactively to cases already final on direct review (*i.e.*, those cases in which a decision has been rendered on direct appeal and the 90-day period for seeking a writ of certiorari had expired) at the time it was rendered. *Humphress v. United* States, 398 F.3d 855, 860-63 (6th Cir. 2005), *petition for cert. filed* (May 17, 2005) (No. 05-5130).[1] As a result, the petitioner cannot raise any *Booker*-based claims in a § 2255 action.

The defendant seeks to avoid this restriction by asking this court to recall its mandate and to reopen his prior appeal to this court, a procedural maneuver that would permit him to raise a *Booker* claim as part of that appeal. Although courts of appeals have the inherent authority to recall a mandate, such power should only be exercised in extraordinary circumstances because of the profound interests in repose attached to a court of appeals mandate. *Calderon v. Thompson*, 523 U.S. 538, 549-50 (1998). Furthermore, such power "is one of last resort, to be held in reserve against grave, unforeseen contingencies." *Id.* This court likewise has emphasized that this power is sparingly used, and only in cases where a party can demonstrate exceptional circumstances "sufficient to override the strong public policy that there should be an end to a case in litigation . . . ." *BellSouth Corp. v. FCC*, 96 F.3d 849, 851-52 (6th Cir. 1996), *quoting Hines v. Royal Indemnity Co.*, 253 F.2d 111, 114 (6th Cir. 1958).

---

[1]Every other court of appeals that has addressed this issue has reached the same conclusion. *See also Never Misses A Shot v. United States*, 413 F.3d 781, 783 (8th Cir. 2005) (per curiam); *United States v. Bellamy*, 411 F.3d 1182, 1186-87 (10th Cir. 2005); *Lloyd v. United States*, 407 F.3d 608, 615-16 (3d Cir. 2005), *petition for cert. filed* (Aug. 5, 2005) (No. 05-5769); *Guzman v. United States*, 404 F.3d 139, 141 (2d Cir. 2005), *petition for cert. filed* (July 5, 2005) (No. 05-5187); *Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005) (per curiam), *petition for cert. filed* (June 30, 2005) (No. 05-6041); *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir.), *cert. denied*, 125 S. Ct. 2559 (2005).

Although this court has granted motions to recall the mandate in cases which were not yet final at the time the motion was filed,[2] other courts of appeals which have addressed similar motions based upon *Booker* (or the earlier decisions in *Apprendi* and *Blakely*) have found no extraordinary circumstances warranting the recall of a mandate issued in a prior (and final) direct appeal. These decisions hold that the proper remedy to attack a sentence in a final criminal proceeding lies under § 2255, and the fact that such remedy is no longer available does not warrant a recall of the mandate. *See, e.g.*, *United States v. Fraser*, 407 F.3d 9, 10-11 (1st Cir. 2005) (per curiam denial of petition for rehearing) ("If mandate could be recalled merely based on *Booker*, that result would provide an avenue to escape the restrictions Congress has imposed on habeas review."); *United States v. Ford*, 383 F.3d 567, 568 (7th Cir. 2004) (per curiam), *cert. denied*, 125 S. Ct. 927 (2005) (motion, based upon the decision in *Blakely,* to recall mandate issued three years earlier cannot be used to avoid the successive petition restrictions of § 2255); *Bottone v. United States*, 350 F.3d 59, 64 (2d Cir. 2003), *cert. denied*, 125 S. Ct. 125 (2004) ("[R]ecalling the mandate more than six years after its issuance 'just to apply the benefit of hindsight,' would constitute an abuse of discretion." (*quoting Grey-Bey v. United States*, 209 F.3d 986, 988 (7th Cir. 2000) (per curiam))); *United States v. Falls*, 129 Fed. Appx. 420, *420-21 (10th Cir. 2005) (unpublished order) ("The proper means for challenging confinement pursuant to an allegedly unconstitutional sentence is not a motion to recall the mandate, but a habeas corpus proceeding under 28 U.S.C. § 2255.").

These decisions deny any avenue of relief under *Booker* to defendants whose direct appeals were final at the time that decision was rendered. Although the defendant may argue that there is an element of unfairness in this result, it is the same element found in any Supreme Court decision which announces a new rule applicable to criminal defendants with pending prosecutions or appeals, but which is not made retroactive to defendants whose cases are final. *Compare Allen v. Hardy*, 478 U.S. 255 (1986) (per curiam) (holding the decision in *Batson v. Kentucky*, 476 U.S. 79 (1986) not to be applied retroactively to cases on collateral review) *with Griffith v. Kentucky*, 479 U.S. 314 (1987) (holding *Batson* to be applied retroactively to cases on direct appeal or not yet final when the *Batson* case was decided).[3] The incremental change in the law as evidenced by *Apprendi*, *Blakely*, and *Booker* simply is not the type of unforeseen contingency which warrants recall of the mandate to permit yet another round of appellate review. *Bottone,* 350 F.3d at 65; *In re Olopade*, 403 F.3d 159, 163 n.4 (3d Cir. 2005).

It therefore is **ORDERED** that the clerk file the defendant's motion to recall the mandate as of the date it was received in the clerk's office. It is further **ORDERED** that the motion is denied.

ENTERED BY ORDER OF THE COURT


                              /s/ Leonard Green
                                    Clerk

---

[2]In *United States v. Murray*, 2 Fed. Appx. 398 (6th Cir. 2001) (unpublished order), for example, this court granted a motion to recall the mandate based upon the decision in *Apprendi*. In that case, however, the application for a writ of certiorari was still pending at the time the motion to recall the mandate was filed with this court. Thus, the court recognized that the case involved "a tiny subset of situations in which this court's decision has been entered, but has not yet become final due to a pending petition for rehearing en banc or for certiorari." Rather than being numerous, the court noted, "such cases are relatively rare." *Id. at* *400. *See also United States v. Komisar*, 420 F.2d 377 (6th Cir. 1966) (Mandate issued on September 23, 1966; Motion to Recall Mandate filed on November 18, 1966).

[3]*See also United States v. Bradley*, 400 F.3d 459 (6th Cir. 2005), *petition for cert. filed* (June 9, 2005) (No. 04-10620), in which this court held that a defendant whose appeal was pending at the time of the *Booker* decision could not challenge his sentence on that ground because he had waived his right to an appeal as part of a plea bargain.