NOT RECOMMENDED FOR PUBLICATION
File Name: 07a0529n.06
Filed: July 26, 2007

No. 05-4468

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| SOLOMON ISRAEL, | ) | SOUTHERN DISTRICT OF OHIO |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | OPINION |
| | ) | |

**Before: MOORE and GILMAN, Circuit Judges; and FORESTER, District Judge.**[*]

**RONALD LEE GILMAN, Circuit Judge.** Solomon Israel appeals from his resentencing

pursuant to a *Booker* remand. He argues that the sentence imposed on remand violated his Sixth

Amendment rights. For the reasons set forth below, we **AFFIRM** the judgment of the district court.

**I. BACKGROUND**

The facts of this case have been set forth in detail in this court's decision on Israel's initial

appeal. *United States v. Israel*, 133 F. App'x 159 (6th Cir. 2005). We will thus not repeat the facts

here except as needed for the purpose of this appeal.

---

[*] The Honorable Karl S. Forester, Senior United States District Judge for the Eastern District of Kentucky,
sitting by designation.

In 1996, Israel, a retail businessman in Detroit, became friends with Dennis Hunter, a major drug dealer in the Dayton, Ohio area. Hunter wished to conceal some of the proceeds from his illegal activity. Israel suggested that Hunter invest in a Detroit flea market that Israel hoped to develop and that Hunter physically hide the rest of the money in the flea market building. Hunter gave Israel $190,000 to invest in the flea market, but hid the balance of his drug money in his own home and in another associate's home. Israel personally helped Hunter count approximately $1.1 million in drug proceeds at Hunter's home.

Shortly thereafter, federal law enforcement agents searched the homes of Hunter and his associate. They filed charges against Hunter and asked him to turn himself in. Instead, Israel came to Dayton and picked up Hunter, advised him to "take care of [his] business properly" before turning himself in, took him to Detroit, and arranged for a Detroit-area attorney to represent him. Further, Israel suggested that Hunter tell the Internal Revenue Service that the money that the federal agents had found in the homes in Dayton was gambling proceeds. Israel also prepared fraudulent tax returns showing that 85 percent of Hunter's income came from gambling. Then Israel returned Hunter to Dayton, where Hunter turned himself in to the authorities.

A grand jury indicted Israel on drug conspiracy, money laundering, and income tax fraud charges. After a jury trial, he was convicted of conspiracy to possess with intent to distribute in excess of five kilograms of cocaine, money laundering, traveling in interstate commerce to promote a drug conspiracy, and conspiracy to defraud the United States by causing the preparation of false income tax returns. The district court sentenced him to concurrent prison terms of 120 months for the drug conspiracy, 41 months for money laundering, 60 months for interstate travel, and 30 months for tax conspiracy.

Israel appealed. This court affirmed his convictions on appeal but vacated and remanded his sentence in light of *United States v. Booker*, 543 U.S. 220 (2005). After a resentencing hearing under the advisory Guidelines, the district court resentenced Israel to the same terms of imprisonment as before.

Israel now argues that the district court violated his Sixth Amendment rights in resentencing him by using the preponderance-of-the-evidence standard when converting the amount of money laundered into an equivalent amount of cocaine. The district court, he asserts, also disregarded this court's previous ruling that the original sentence violated *Booker*. He contends that the district court should have sentenced him under 21 U.S.C. § 841(b)(1)(C), which carries no mandatory minimum sentence, rather than under 21 U.S.C. § 841(b)(1)(A), which carries a mandatory minimum sentence of ten years of imprisonment.

## II. ANALYSIS

Israel first contends that the district court erred in making findings of fact under the preponderance-of-the-evidence standard. He reads this court's decision in his previous appeal as barring the judge from using that standard. His reading, however, overlooks a crucial distinction: Israel's first sentencing hearing was conducted prior to the Supreme Court's decision in *Booker*, and thus was subject to the then-mandatory Guidelines regime, but his resentencing hearing was conducted under the now-advisory Guidelines regime.

This court has held, post-*Booker*, that judicial factfinding at the sentencing stage under an advisory Guidelines regime does not violate the Sixth Amendment. *See, e.g.*, *United States v. Gardiner*, 463 F.3d 445, 461 (6th Cir. 2006) ("[A] district court may make its own factual findings

regarding relevant sentencing factors, and consider those factors in determining a defendant's sentence."); *United States v. Stone*, 432 F.3d 651, 654-55 (6th Cir. 2005), *cert. denied*, 127 S. Ct. 129 (2006) ("*Booker* did not eliminate judicial fact-finding.").

The preponderance-of-the-evidence standard was also properly applied. This circuit has held that "district judges can find the facts necessary to calculate the appropriate Guidelines range using the same preponderance-of-the-evidence standard that governed prior to *Booker*." *United States v. Ferguson*, 456 F.3d 660, 665 (6th Cir. 2006).

Israel's remaining argument that the district court erred in resentencing him under 21 U.S.C. § 841(b)(1)(A), with its ten-year minimum prison term, is also unavailing. The district court clearly stated, after conducting a thorough analysis of the 18 U.S.C. § 3553(a) factors, that it had "arrived at a sentence which it feels to be sufficient, but not greater than necessary to comply with the purposes set forth in the sentencing statutes." Further, the court stated that it had "made that conclusion without any consideration of the mandatory minimum sentence," although the court also determined that the 10-year minimum sentence specified in 21 U.S.C. § 841(b)(1)(A) was applicable.

We find no basis to question the reasonableness of the sentence imposed. Moreover, the sentence did not violate Israel's Sixth Amendment rights under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), because the sentence imposed did not exceed the 20-year maximum sentence set forth in 21 U.S.C. § 841(b)(1)(C) for an unspecified amount of cocaine. *See United States v. Copeland*, 321 F.3d 582, 603 (6th Cir. 2003) ("[W]here a defendant is made subject to a higher range of punishment under §§ 841(b)(1)(A) and (B) but is nonetheless sentenced within the confines of § 841(b)(1)(C), his rights under *Apprendi* are not violated."). The district court therefore did not err

- 4 -

in resentencing Israel by finding facts under the preponderance-of-the-evidence standard and did not violate his Sixth Amendment rights by applying 21 U.S.C. § 841(b)(1)(A) based on those facts.

At oral argument, Israel contended for the first time that the Supreme Court's decision in *Cunningham v. California*, 127 S. Ct. 856 (2007), precludes the district court from making a factual finding by a preponderance of the evidence that results in the application of a statutory mandatory minimum sentence. The district court, however, explicitly stated that it had determined Israel's sentence "without any consideration of the mandatory minimum sentence." We thus find no need to reach his belated argument in order to resolve the case before us. This issue will therefore be deferred to a future case where its resolution is material to the outcome and the matter can be fully briefed by the parties.

## III. CONCLUSION

For all of the reasons set forth above, we **AFFIRM** the judgment of the district court.