NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0808n.06

No. 13-6554

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Oct 24, 2014
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | **ON APPEAL FROM THE** |
| v. | ) | **UNITED STATES DISTRICT** |
| | ) | **COURT FOR THE** |
| RANDELL ROBERTS, | ) | **WESTERN DISTRICT OF** |
| | ) | **TENNESSEE** |
| Defendant-Appellant. | ) | |

BEFORE: GIBBONS, McKEAGUE, Circuit Judges; and Lawson,[*] District Judge.

**JULIA SMITH GIBBONS, Circuit Judge.** Randell Roberts pled guilty to failure to surrender for service of sentence in violation of 18 U.S.C. § 3146(a)(2). The district court applied a three-level enhancement under U.S.S.G. § 3C1.3. That enhancement implements 18 U.S.C. § 3147, which provides that a person convicted of an offense committed while on release shall be sentenced to a term of imprisonment of not more than ten years if the offense is a felony. Roberts asserts that the application of the § 3C1.3 enhancement conflicts with *Alleyne v. United States*, 133 S. Ct. 2151 (2013). For the following reasons, we affirm.

**I.**

In March 2012, after being arrested on federal fraud and conspiracy charges, Roberts was released on bond and ordered to submit to pretrial supervision with electronic location monitoring. In October of that year, Roberts pled guilty to possession of device-making

---

[*]The Honorable David M. Lawson, United States District Judge for the Eastern District of Michigan, sitting by designation.

equipment (a credit card "skimming" machine) in violation of 18 U.S.C. § 1029(a)(4) and identity theft in violation of 18 U.S.C. § 1028A(a)(1). He was sentenced to 58 months' imprisonment but was permitted to remain on bond and self-report when he was designated to a federal facility. Roberts was ordered to surrender to the Bureau of Prisons facility in Forrest City, Arkansas, on March 21, 2013. Following his failure to report, Roberts was arrested and he eventually pled guilty to failure to surrender for service of sentence.

The Presentence Report (PSR) calculated a base offense level of 11. The PSR then applied a three-level enhancement pursuant to § 3C1.3 because Roberts committed the offense (failure to surrender for service of sentence) while on release for another federal offense (possession of device-making equipment and identity theft). It also applied a two-level reduction for acceptance of responsibility for a total offense level of 12. His criminal history category was VI, which yielded an advisory guidelines range of 30 to 37 months. Roberts objected that the application of the § 3C1.3 enhancement violated his Sixth Amendment rights under *Alleyne*. The district court overruled Roberts's objection, concluding that there was no "increase in the statutory punishment range." The district court sentenced Roberts to 30 months' imprisonment and divided the sentence between 24 months on the failure-to-surrender offense and 6 months pursuant to § 3147, to be served consecutively to Roberts's undischarged sentence.

**II.**

Roberts makes one argument on appeal: The application of the § 3C1.3 sentencing enhancement violated his Sixth Amendment rights because he was never formally charged in the indictment with a violation of § 3147. Roberts's challenge to the constitutionality of his sentence is reviewed *de novo*. *United States v. Anderson*, 695 F.3d 390, 398 (6th Cir. 2012).

U.S.S.G. § 3C1.3 and 18 U.S.C. § 3147 operate in tandem to deter the commission of additional offenses by a defendant on release. Section 3147 provides:

> A person convicted of an offense committed while released under this chapter shall be sentenced, in addition to the sentence prescribed for the offense to--
>
> > (1) a term of imprisonment of not more than ten years if the offense is a felony; or
> >
> > (2) a term of imprisonment of not more than one year if the offense is a misdemeanor.
>
> A term of imprisonment imposed under this section shall be consecutive to any other sentence of imprisonment.

U.S.S.G § 3C1.3 implements this statutory directive by instructing district courts: "If a statutory sentencing enhancement under 18 U.S.C. § 3147 applies, increase the offense level by 3 levels." The note to § 3C1.3 further explains:

> Under 18 U.S.C. 3147, a sentence of imprisonment must be imposed in addition to the sentence for the underlying offense, and the sentence of imprisonment imposed under 18 U.S.C. 3147 must run consecutively to any other sentence of imprisonment. Therefore, the court, in order to comply with the statute, should divide the sentence on the judgment form between the sentence attributable to the underlying offense and the sentence attributable to the enhancement. The court will have to ensure that the "total punishment" (i.e., the sentence for the offense committed while on release plus the statutory sentencing enhancement under 18 U.S.C. 3147) is in accord with the guideline range for the offense committed while on release, including, as in any other case in which a Chapter Three adjustment applies (see § 1B1.1 (Application Instructions)), the adjustment provided by the enhancement in this section.

U.S.S.G. § 3C1.3, cmt. n.1. The purpose of this Guideline is to enable the district court "to determine and implement a combined 'total punishment' consistent with the overall structure of the guidelines, while at the same time complying with the statutory requirement." *Id*., cmt. (backg'd).

Roberts's challenge is directed at a particular Guidelines enhancement, but it is implicitly based on a particular interpretation of § 3147. As the government points out, that interpretation

is that § 3147 requires a mandatory minimum sentence of at least one day. Whether § 3147 does so is debatable. It states that a person "shall be sentenced . . . to . . . a term of imprisonment of not more than ten years," which in other contexts has been determined not to impose a statutory minimum. *See, e.g.*, *United States v. Israel*, 230 F. App'x 572, 574 (6th Cir. 2007); *United States v. Vaughn*, 430 F.3d 518, 521 (2d Cir. 2005) (Sotomayor, J.); *United States v. Saikaly*, 75 F. App'x 387, 390 (6th Cir. 2003). Its mandatory aspect appears to be in requiring that any sentence under § 3147 be consecutive to any sentence for the crime for which the defendant failed to surrender. On the other hand, in *United v. Lewis*, our court in *dicta* indicated that § 3147 "mandates . . . *additional* consecutive sentences on persons convicted of crimes while released on bond." 991 F.3d 322, 324 (6th Cir. 1993) (emphasis added). And application note 1 to § 3C1.3 concludes that a term of imprisonment must be imposed.

But whatever interpretation of § 3147 might be adopted, the result here is unchanged. Roberts pled guilty to the offense of failing to surrender to serve his sentence for violating 18 U.S.C. §§ 1029(a)(4) and 1028(A)(a)(1). His underlying offense "committed while on release" is the same conduct for which the enhancement is imposed and the same conduct addressed in § 3147. In pleading guilty, Roberts admitted that conduct. Roberts's guilty plea likely waived any challenge to the indictment, *see United States v. Martin*, 526 F.3d 926, 932 (6th Cir. 2008), but if it did not, it is indisputable that any alleged error was harmless, *cf. United States v. Yancy*, 725 F.3d 596, 602 (6th Cir. 2013). The precise facts underlying the potential application of § 3147 were charged in the indictment and Roberts admitted the veracity of those facts. Likewise, *Alleyne*'s restriction on judge-found facts simply does not apply where the defendant has admitted those facts. *See, e.g.*, *id*. at 601–02.

Moreover, *Alleyne* does not apply to facts that increase a defendant's advisory Guidelines range. *See, e.g.*, *United States v. Cooper*, 739 F.3d 873, 884 (6th Cir. 2014) ("*Alleyne* dealt with judge-found facts that raised the mandatory minimum sentence under a statute, not judge-found facts that trigger an increased guidelines range . . . ."); *United States v. Johnson*, 732 F.3d 577, 584 (6th Cir. 2013).

For these reasons, we affirm.