Albert J. SANTOS, Petitioner,

v.

UNITED STATES of America,
Respondent.

No. 01–CV–7710 (ADS).

United States District Court,
E.D. New York.

Dec. 24, 2003.

Albert J. Santos, Brooklyn, NY, pro se.

Roslynn R. Mauskopf, United States Attorney, Eastern District of New York, Central Islip, NY, by Cynthia Monaco, Assistant United States Attorney, for Respondent.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

Petitioner Albert J. Santos ("Santos" or "Petitioner"), appearing *pro se*, filed this motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons stated below, Santos' petition is denied.

## BACKGROUND

On January 10, 2000, pursuant to a valid search warrant, Nassau County Police Officers conducted a lawful search of the premises of Albert J. Santos. The police recovered thirty-three unlawful firearms and more than 30,000 rounds of ammunition. Santos was arrested and charged by federal authorities with ten counts of unlawful possession of a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1). On August 14, 2000, this Court denied a motion by Santos for suppression of the firearms and ammunition recovered from his home.

On September 21, 2000, before United States Magistrate Judge E. Thomas Boyle, Santos pled guilty to one count of unlawful possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). During the plea allocution, Judge Boyle stated that he had been provided with a copy of the plea agreement, which Santos and the government had both signed, and asked Santos whether he had any questions in regard to the agreement. Santos replied "None whatsoever." Plea Mins. at 15.

Judge Boyle summarized the salient aspects of the plea agreement, including the maximum and minimum prison terms associated with the charge to which Santos was pleading guilty, the maximum fine, and the terms and conditions of supervised release. Plea Mins. at 15–16. In his plea agreement, Santos was estimated to be at Level 22 of the Sentencing Guidelines which carried a range of imprisonment of fifty-one to sixty-three months, assuming that Santos was in criminal history category III. In the plea agreement and before Judge Boyle, Santos agreed to "not file an appeal or otherwise challenge the conviction or sentence in the event that the Court imposes a sentence of 63 months or less." Plea Agreement at 3; Plea Mins. at 17. In addition, Judge Boyle stated that the plea agreement indicated that Santos consented to forfeit to the United States all the firearms and ammunition that had been seized from his residence. *See* Plea Agreement at 3. Santos stated that his guilty plea was voluntary and made of his own free will and that he was not pleading guilty based on any promises made by anyone other than those promises set forth in the plea agreement. Plea Mins. at 21–22.

On November 17, 2000, this Court downwardly departed and sentenced Santos to a term of imprisonment of forty-six months. Santos did not directly appeal. However,

Santos filed a civil action for the return of the firearms which this Court denied in a Memorandum of Decision and Order dated July 24, 2001. *See Santos v. United States*, No. 01–CV–2601 (E.D.N.Y. July 24, 2001).

On November 19, 2001, Santos filed the instant petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Santos argues that he is entitled to withdraw his guilty plea because Assistant United States Attorney Leonard Lato breached the plea agreement when his firearms were not returned to him. Furthermore, Santos alleges eight grounds upon which his petition should be granted: (1) his counsel was constitutionally ineffective in that he was on vacation the week before the suppression hearing, met with Santos for only two hours that morning, and recommended that Santos take the plea offer; (2) the trial court erred in not suppressing the firearms seized at his home because the police search went beyond the scope of the warrant when it searched the upper level of his home; (3) his Fifth Amendment rights against self-incrimination were violated when *Miranda* rights was not given to him at the police station prior to his arrest; (4) the prosecutor failed to turn over *Brady* material concerning two witnesses who were previously "sued by Mr. Santos' insurance company for damage they have done sustained by their work," Pet'r Br. at 6; (5) he was placed in double jeopardy when he was later arrested on January 10, 2001 for charges which he alleges were based on the same charges to which he pled guilty; (6) his statements were illegally obtained because the police threatened not to give him his medication unless he responded; (7) his sentence was incorrectly enhanced under the guidelines because he possessed, but did not own, the firearms found upstairs in his home; and (8) the prosecutor engaged in misconduct. On the same day, November 19, 2001, Santos also filed a separate motion entitled "Motion pursuant to federal criminal codes and rule 36 and support for 28 U.S.C. 2255" in which he argued that his sentence was improper because he believed he was acting legally in purchasing the firearms and he claimed that the holding of *Apprendi v. New Jersey* retroactively applied to his case.

## DISCUSSION

■ "Where a criminal defendant has procedurally forfeited his claim by failing to raise it on direct review, the claim may be raised in a § 2255 motion only if the defendant can demonstrate either: (1) 'cause for failing to raise the issue, and prejudice resulting therefrom,' *Douglas v. United States*, 13 F.3d 43, 46 (2d Cir.1993); or (2) 'actual innocence.'" *Rosario v. United States*, 164 F.3d 729, 732 (2d Cir.), *cert. denied*, 527 U.S. 1012, 119 S.Ct. 2355, 144 L.Ed.2d 250 (1999) (citing *Bousley v. United States*, 523 U.S. 614, 622, 118 S.Ct. 1604, 1611, 140 L.Ed.2d 828 (1998)). "A motion under § 2255 is not a substitute for an appeal." *Rosario*, 164 F.3d at 732 (citing *United States v. Munoz*, 143 F.3d 632, 637 (2d Cir.1998)).

■ Moreover, "in no circumstances . . . may a defendant who has secured the benefits of a plea agreement and knowingly and voluntarily waived the right to appeal a certain sentence, then appeal the merits of a sentence conforming to the agreement." *United States v. Salcido–Contreras*, 990 F.2d 51, 53 (2d Cir.), *cert. denied*, 509 U.S. 931, 113 S.Ct. 3060, 125 L.Ed.2d 742 (1993). The Court of Appeals for the Second Circuit reasoned that "such a remedy would render the plea bargaining process and the resulting agreement meaningless." *Id. See also United States v. Johnson*, 347 F.3d 412, 414 (2d Cir.2003) ("in general, a defendant's knowing and voluntary waiver of his right to appeal a

sentence within an agreed-upon Guideline's range is enforceable").

Here, Santos pled guilty to one count of unlawful possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). Securing the benefits of his plea bargain, Santos was sentenced to forty-six months, below his estimated range as set forth in the plea agreement. In accordance with the provisions of his plea agreement, Santos waived his right to appeal to challenge his conviction or sentence.

■ Because Santos did not file a direct appeal, he can only bring this Section 2255 petition upon a showing of cause and prejudice resulting therefrom or actual innocence. *Rosario,* 164 F.3d at 732. Santos fails to demonstrate cause and prejudice and he does not claim actual innocence. In any event, upon a review of Santos' habeas petition, the Court finds that Santos' claims are without merit. Under the standards set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Court finds that Santos' counsel was not constitutionally ineffective for being on vacation the week before the suppression hearing; meeting with Santos for only two hours that morning; and recommending that Santos take the plea offer. As to the other claims by Santos, which collaterally attack his sentence and conviction, those claims are procedurally barred by the plea agreement which Santos voluntarily and knowingly executed under the terms of which Santos was sentenced.

■■ Finally, with regard to the motion by Santos "pursuant to federal criminal codes and rule 36 and support for 28 U.S.C. 2255," Rule 36 of the Federal Rules of Civil Procedure concerns requests for written admissions of truth by a party and is not applicable to this petitioner. In addition, it is well-established law that the holding of *Apprendi v. New Jersey,* 530

U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) "does not retroactively apply to Section 2255 petitions filed after the *Apprendi* ruling." *Bottone v. United States,* 350 F.3d 59, 63 (2d Cir.2003) (citing *Coleman v. United States,* 329 F.3d 77, 90 (2d Cir. 2003)). In any event, there is no merit to the *Apprendi* argument by Santos. Accordingly, the petition by Santos to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is denied.

According to the information posted on the Federal Bureau of Prisons website, *www.bop.gov,* the petitioner was released from incarceration on May 19, 2003. The only address that the Court has for Santos is Brooklyn House Community Correction Center, 988 Merytle Avenue, Brooklyn, New York 11206. In order to make sure that Santos has received this Memorandum of Decision and Order, the Court is listing his last known address.

### CONCLUSION

For the foregoing reasons, Santos' motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is DENIED. Pursuant to Fed. R.App. Pro. 22(b) and 28 U.S.C. § 2253(c)(2), a certificate of appealability is denied, as Santos has not made a substantial showing of a denial of a constitutional right. *Miller–El v. Cockrell,* 537 U.S. 322, 336, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003); *Lucidore v. New York State Div. of Parole,* 209 F.3d 107, 112 (2d Cir.2000).

The Clerk of the Court is directed to close this case.

**SO ORDERED.**