**UNITED STATES of America,**
**Appellee,**

v.

**Neftali BLISS and Jason**
**Perry, Defendants,**

Terrance Stinson, Anthony Murphy, Damien J. Lott, Shawn Rucker, also known as Divine, Defendants–Appellants.

Nos. 04–0477–CR(L), 05–4541–CR(CON), 05–2502–CR(CON), (Withdrawn), 05–2843–CR(CON).

United States Court of Appeals, Second Circuit.

July 11, 2006.

Jon P. Getz, Muldoon & Getz, Rochester, NY, for Terrance Stinson.

Lawrence L. Kasperek, Rochester, NY, for Anthony Murphy.

Robert W. Wood, Rochester, NY, for Damien J. Lott, for Defendants–Appellants.

Frank H. Sherman, Assistant United States Attorney (Terrance P. Flynn, United States Attorney for the Western District of New York, on the brief), Rochester, NY.

Present: DENNIS JACOBS,
ROSEMARY S. POOLER, Circuit Judges,
JOHN G. KOELTL,* Distict Judge.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgments of the district court be **AFFIRMED.** Defendants Terrance Stinson, Anthony Murphy, Damien J. Lott, and Shawn Rucker ("defendants") appeal from judgments entered in the United States District Court for the Western District of New York (Siragusa, J.) pursuant to a jury verdict convicting them of assorted federal firearms, drug, and conspiracy violations. Shawn Rucker withdrew his appeal with prejudice prior to argument. As to the others:

*Murphy* was convicted of conspiracy to possess with intent to distribute (and to distribute) 50 grams or more of cocaine base, 5 kilograms or more of cocaine, and an indeterminate amount of marijuana (in violation of 21 U.S.C. § 846); unlawfully using, carrying, and discharging a firearm while engaged in a drug trafficking crime (in violation of 18 U.S.C. § 924(c)(1); conspiracy to obstruct commerce by robbery of money and controlled substances (in violation of 18 U.S.C. § 1951); and being a felon in possession of a firearm (in violation of 18 U.S.C. § 922(g)(1)). He was sentenced to life in prison plus 55 years, followed by a ten-year term of supervised release.

*Stinson* was convicted of conspiracy to possess with intent to distribute (and to distribute) 50 grams or more of cocaine base (in violation of 21 U.S.C. § 846); unlawfully using and carrying a firearm during a drug trafficking crime (in violation of 18 U.S.C. § 924(c)(1); and conspiracy to obstruct commerce by robbery of money and controlled substances (in violation of 18 U.S.C. § 1951). He was sentenced to 60 years in prison, followed by a ten-year term of supervised release.

*Lott* was convicted of conspiracy to possess with intent to distribute (and to distribute) 50 grams or more of cocaine base, and to possess with intent to distribute between 500 grams and 5 kilograms of cocaine and to distribute less than 500 grams of cocaine (in violation of 21 U.S.C. § 846); and conspiracy to obstruct commerce by robbery of money and controlled substances (in violation of 18 U.S.C. § 1951). He was sentenced to a total 40 years in prison, followed by a fiveyear term of supervised release.

Familiarity is assumed as to the facts, the procedural context, and the specification of appellate issues.

Findings of fact as they relate to a speedy trial challenge are reviewed for

---

\* The Honorable John G. Koeltl, United States District Judge for the Southern District of New York, sitting by designation.

**16**

clear error and related legal conclusions *de novo*. *United States v. Gaskin*, 364 F.3d 438, 450 (2d Cir.2004), *cert. denied*, 544 U.S. 990, 125 S.Ct. 1878, 161 L.Ed.2d 751 (2005). Evidentiary decisions are reviewed for abuse of discretion. *See United States v. Tocco*, 135 F.3d 116, 127 (2d Cir.1998). Legal interpretation and construction of the Sentencing Guidelines are reviewed *de novo*. *United States v. Savin*, 349 F.3d 27, 31–32 (2d Cir.2003).

■ (1) The district court did not engage in improper judicial fact-finding at sentencing when it applied the standard of a preponderance of the evidence. *See United States v. Garcia*, 413 F.3d 201, 220 n. 15 (2d Cir.2005) ("Judicial authority to find facts relevant to sentencing by a preponderance of the evidence survives *[United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) ].").

■ (2) The retroactive application of *Booker* violates neither the *ex post facto* clause of the Constitution nor any principle of due process. *See United States v. Fairclough*, 439 F.3d 76, 78–79 (2d Cir. 2006) (finding no *ex post facto* problem with the district court's application of the remedial holding of *Booker* at sentencing where defendant has fair warning that [i] his conduct was criminal; [ii] Guidelines enhancements and departures were available; [iii] and he could be sentenced as high as the statutory maximum (citing *United States v. Vaughn*, 430 F.3d 518, 524–25 (2d Cir.2005)), *cert. denied*, No. 05–11061, 2006 WL 152719 (June 21, 2006).

■ (3) Allowing for motions and other exclusions, Murphy was brought to trial within seventy speedy-trial days. Accordingly, the court correctly denied Murphy's motion to dismiss the indictment pursuant to the Speedy Trial Act, 18 U.S.C. § 3162. It is also clear that there was no Speedy Trial Act violation because Murphy was brought to trial within seventy speedy-trial days as calculated by the trial clock set by the second superseding indictment. *See United States v. Piteo*, 726 F.2d 50, 52 (2d Cir.1983) ("So long as the defendants in question are brought to trial within the seventy speedy trial days that began with the clock of the most recently added defendant and so long as any delay is 'reasonable,' the Speedy Trial Act is not violated.").

■ Having failed to move for a severance after the second superseding indictment naming additional defendants was filed, Murphy is precluded from arguing that any delay resulting from the addition of those co-defendants was unreasonable under 18 U.S.C. § 3161(h)(7). *See United States v. Vasquez*, 918 F.2d 329, 336–37 (2d Cir.1990).

■■ (4) The court did not err when it admitted Shawn Battle's prior grand jury testimony as substantive evidence against Lott. *See* Rule 801(d)(1)(A), Fed.R.Evid. (prior inconsistent statements admissible non-hearsay); *United States v. Marchand*, 564 F.2d 983, 997–99 (2d Cir.1977) (extending Rule 801 to statements made before the grand jury). And because Battle was available for cross-examination at trial, there was no Confrontation Clause violation, notwithstanding Lott's claim of loss of memory. *See United States v. Owens*, 484 U.S. 554, 557, 561–64, 108 S.Ct. 838, 98 L.Ed.2d 951 (1988); *accord United States v. Milton*, 8 F.3d 39, 46–47 (D.C.Cir.1993); *see generally Crawford v. Washington*, 541 U.S. 36, 61, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004).

■ (5) The evidence admitted at trial fully supports the guilty verdicts against Lott and Stinson. *See Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (holding that a jury verdict must be upheld if "*any* rational

trier of fact could have found the essential elements of the crime beyond a reasonable doubt" (emphasis in original)).

■ (6) The court properly calculated the advisory Guidelines range applicable to Lott, and committed no error in determining the quantity of narcotics involved in Lott's conduct and the date of his entry into the concomitant conspiracy. *See United States v. Richards*, 302 F.3d 58, 68 (2d Cir.2002) (drug quantity); *United States v. Workman*, 80 F.3d 688, 702 n. 11 (2d Cir.1996) (date of entry into conspiracy and drug quantity).

■ (7) The court imposed a reasonable sentence on Lott, properly considered the factors set forth in 18 U.S.C. § 3553(a), and made no clearly erroneous finding of fact. *See United States v. Crosby*, 397 F.3d 103, 115 (2d Cir.2005); *Fairclough*, 439 F.3d at 80–81.

■ (8) Stinson waived the issue of prejudicial joinder by making no severance motion prior to trial. *See* Rule 12(b)(3), Fed.R.Crim.P.; *United States v. Blount*, 291 F.3d 201, 208 (2d Cir.2002); *United States v. Beltempo*, 675 F.2d 472, 481 (2d Cir.1982).

■ (9) The court did not abuse its discretion by admitting "other act" evidence of uncharged crimes against Stinson under Rule 404(b), Fed.R.Civ.P. *See United States v. Thai*, 29 F.3d 785, 812 (2d Cir.1994) ("When the indictment contains a conspiracy charge, uncharged acts may be admissible as direct evidence of the conspiracy itself." (citations omitted; collecting cases)); *United States v. Concepcion*, 983 F.2d 369, 392 (2d Cir.1992) ("An act that is alleged to have been done in furtherance of the alleged conspiracy, however, is not an 'other' act within the meaning of Rule 404(b); rather, it is part of the very act charged." (citations omitted; collecting cases)); *United States v. Pipola*, 83

F.3d 556, 565–66 (2d Cir.1996) (finding in Hobbes Act robbery case, evidence of other crimes, including burglary, properly admitted as background information and to show development of the relationships between defendant and other conspirators).

We have considered all of defendants' remaining arguments and find them to be without merit. For the foregoing reasons, the judgments of the district court are hereby **AFFIRMED.**