01-1471-cr
U.S. v. Fabian

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

--------

August Term, 2001

(Argued: March 6, 2002           Decided: December 5, 2002
Motion Decided: February 9, 2009)

Docket No. 01-1471-cr

------------------------------------------------------------X

UNITED STATES OF AMERICA,

Appellee,

- v. -

WAYNE FABIAN,

Defendant-Appellant.
------------------------------------------------------------X

Before:  McLAUGHLIN and POOLER, Circuit Judges.[*]

Defendant-Appellant moves to recall the mandate in this case, which the Court issued in 2002. We construe the motion as an application for leave to file a successive motion to vacate Defendant-Appellant's sentence pursuant to 28 U.S.C. § 2255. Because Defendant-Appellant has failed to meet the standard for

---

[*] This motion has been assigned to the same panel that decided the original appeal in this case. The third member of that panel, the Honorable Fred I. Parker, died in 2003. The two remaining members of the panel decide the motion pursuant to Second Circuit Local Rules § 0.14.

permission to file a successive § 2255 motion, the motion is denied.

MOTION DENIED.

Wayne Fabian, pro se,
Defendant-Appellant.

PER CURIAM:

Defendant-Appellant Wayne Fabian moves, pro se, to recall the December 2002 mandate affirming his conviction. The motion is DENIED.

**BACKGROUND**

Fabian was convicted after a jury trial in the Eastern District of New York on two counts of conspiracy to commit robbery in violation of the Hobbs Act, 18 U.S.C. § 1951; one count of attempted Hobbs Act robbery; and one count of brandishing a weapon during a crime of violence. The Hobbs Act prohibits robberies that "obstruct[], delay[], or affect[] [interstate] commerce." 18 U.S.C. § 1951(a). Evidence at trial showed that Fabian robbed people he believed to be loan sharks and drug dealers. The district court instructed the jury that loansharking and drug trafficking affected interstate commerce and that, if the jury found the purpose of the conspiracies was to obtain proceeds from loansharking and drug trafficking, it should find the interstate-commerce element of the Hobbs Act to be satisfied.

2

In December 2002, we affirmed Fabian's conviction, rejecting his argument that the Government failed to prove that his crimes affected interstate commerce. We held that, as a matter of law, drug dealing and loansharking have an effect on interstate commerce. See United States v. Fabian, 312 F.3d 550, 555-56 (2d Cir. 2002). That same month, we issued the mandate affirming Fabian's conviction.

In May 2004, Fabian, pro se, moved to vacate his sentence pursuant to 28 U.S.C. § 2255. Fabian argued, among other things, that the jury instructions that drug trafficking and loansharking affected interstate commerce violated his rights to due process and a jury trial. While that motion was pending in the district court, this Court held that the Government must prove beyond a reasonable doubt that a defendant's conduct affected interstate commerce under the Hobbs Act, abrogating in part our decision affirming Fabian's conviction. See United States v. Parkes, 497 F.3d 220, 229-30 (2d Cir. 2007). Shortly after the Court decided Parkes, the district court denied Fabian's § 2255 motion, holding that Parkes did not entitle Fabian to relief. In February 2008, we denied Fabian's motion for a certificate of appealability.

Fabian now moves to recall the 2002 mandate affirming his conviction.

**DISCUSSION**

We have held that when a defendant moves to recall the mandate based on intervening precedent that calls into question the merits of the decision affirming his conviction, we construe the motion as one to vacate the defendant's sentence pursuant to 28 U.S.C. § 2255. See Bottone v. United States, 350 F.3d 59, 63 (2d Cir. 2003). The defendant in Bottone had previously filed an unsuccessful § 2255 motion, and we denied the motion to recall the mandate because it did not satisfy the standard for filing a second or successive motion. See id. at 62-63. Section 2255 "is generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence," Jiminian v. Nash, 245 F.3d 144, 146-47 (2d Cir. 2001), and it prevents a defendant from filing a second collateral challenge unless we determine that the motion is based on newly discovered evidence demonstrating that no reasonable factfinder would have found the defendant guilty, or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

Bottone is controlling here. Fabian relies on this Court's decision in Parkes to argue that his conviction was wrongly upheld. He therefore "questions the merits of the underlying decision" affirming his conviction. Bottone, 350 F.3d at 63. Because this motion would be Fabian's second under § 2255, he

4

must demonstrate that it is based on newly discovered evidence or a new rule of constitutional law made retroactive by the Supreme Court.  See 28 U.S.C. § 2255(h).  He has done neither.  Fabian presents no new evidence, and, even assuming Parkes established a new constitutional rule, the Supreme Court has not made any such new rule retroactive to cases on collateral review.  Therefore, Fabian cannot file a second § 2255 motion.  As we have said, a defendant "cannot evade the successive petition restrictions of 28 U.S.C. § 2255 . . . by framing his claims as a motion to recall the mandate."  Bottone, 350 F.3d at 63.

**CONCLUSION**

For the foregoing reasons, the motion to recall the mandate, construed as an application to file a second or successive § 2255 motion, is DENIED.