04-0477-cv
United States v. Murphy

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a Stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 24th day of May, two thousand eleven.

PRESENT:

> DENNIS JACOBS,
> ROSEMARY S. POOLER,
> > <u>Circuit Judges</u>,
> JOHN G. KOELTL,*
> > <u>District Judge</u>.

_____

UNITED STATES,
> *Appellee*,

-v.-                                    Nos. 04-0477-cr(Lead)
                                        05-2502-cr (Con)
ANTHONY MURPHY,                         05-2843-cr (Con)
> *Defendant-Appellant*.

_____

For Appellee:          FRANK H. SHERMAN, Assistant
                       United States Attorney, <u>for</u>
                       William J. Hochul, Jr., United
                       States Attorney for the Western
                       District of New York.

―――――――――――――――

* The Honorable John G. Koeltl, United States District Judge for the Southern District of New York, sitting by designation.

-1-

For Defendant-Appellant:                    ANTHONY MURPHY, <u>pro se</u>.

---

**UPON DUE CONSIDERATION** of the motion to recall the mandate issued on January 29, 2007, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the motion is **DENIED.**

---

Defendant Anthony Murphy moves to recall the mandate of this Court affirming his conviction and to reconsider our summary order explaining that affirmance. <u>See</u> <u>United States v. Bliss</u>, 188 Fed. App'x 13, 16 (2d Cir. July 11, 2006) (summary order). Murphy argues that our summary order was based on the erroneous belief that Murphy had not moved for severance from his co-defendants and that his prosecution was barred under the Speedy Trial Act, 18 U.S.C. § 3162. Murphy previously filed a petition for rehearing on November 6, 2006, raising the same arguments, which was denied. In his current motion, he also argues that some of the Speedy Trial Act exclusions in his case were erroneous under the Supreme Court's recent decision in <u>Bloate v. United States</u>, 130 S. Ct. 1345 (2010). We assume the parties' familiarity with the facts, procedural context, and issues on this motion.

Although the courts of appeals "have an inherent power to recall their mandates," that power "can be exercised only in extraordinary circumstances." <u>Calderon v. Thompson</u>, 523 U.S. 538, 548-50 (1998); <u>see also</u> <u>Bottone v. United States</u>, 350 F.3d

59, 62 (2d Cir. 2003).

In support of his current motion to recall the mandate, Murphy asserts that his trial counsel orally joined his co-defendant's motion to sever defendants, and that the trial judge granted that application to join the motion to sever. A review of the transcript from the trial proceedings confirms this claim. But until the reply brief filed in support of this latest motion, Murphy had not directed the Court to this oral application and indeed had relied in his motion on an inapposite motion to sever counts, not parties.

However, the statement in the summary order that Murphy had not moved for a severance is immaterial to the Court's rejection of Murphy's Speedy Trial Act claim. So long as a defendant is "brought to trial within the seventy speedy trial days that began with the clock of the most recently added defendant and so long as any delay is 'reasonable,' the Speedy Trial Act is not violated." United States v. Piteo, 726 F.2d 50, 52 (2d Cir. 1983). The trial judge found any delay reasonable, and there is no basis for holding this finding mistaken. Moreover, properly calculated, the speedy trial clock had not expired even if calculated from the time of Murphy's initial indictment, as the Court stated in the original summary order. Accordingly, the defendant has not shown "extraordinary circumstances" justifying recall of the mandate.

Murphy also argues that some of the Speedy Trial Act exclusions were improper under Bloate.  However, this argument is not a basis to recall the mandate.  "[W]hen a defendant moves to recall the mandate based on intervening precedent that calls into question the merits of the decision affirming his conviction, we construe the motion as one to vacate the defendant's sentence pursuant to 28 U.S.C. § 2255." United States v. Fabian, 555 F.3d 66, 68 (2d Cir. 2009).  Murphy already has a § 2255 motion pending in the District Court for the Western District of New York, which has stayed consideration of that motion pending the resolution of this one.  This motion is thus a second or successive motion, and cannot be considered unless "it is based on newly discovered evidence or a new rule of constitutional law made retroactive by the Supreme Court."  Id.; see also 28 U.S.C. § 2255(h).  Murphy's claim that Bloate renders some of the exclusions in his case improper is not based on newly discovered evidence and Bloate is a ruling of statutory, not constitutional, interpretation.  Therefore, Murphy's claim is not a basis for recalling the mandate.  See Fabian, 555 F.3d at 68.  We note that Murphy has already raised Bloate in his pending § 2255 motion, and any consideration of that argument must occur in that case, rather than in a motion to recall the mandate.

We have examined the remainder of Murphy's arguments and we find them to be without merit. For the foregoing reasons, the motion to recall the mandate is **DENIED.**

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of the Court