10-2535-pr
Pipola v. United States

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15th day of July, two thousand eleven.

PRESENT:     JON O. NEWMAN,
             PIERRE N. LEVAL,
             ROSEMARY S. POOLER,
                   *Circuit Judges*.

_____

ANTHONY PIPOLA,

                   *Petitioner-Appellant*,

      -v.-                                                      10-2535-pr

UNITED STATES OF AMERICA,

                   *Respondent-Appellee*,

_____

FOR APPELLANT:          Anthony Pipola, *pro se*, White Deer, PA.

FOR APPELLEE:           Emily Berger, Amir H. Toossi, Assistant United States Attorneys,
                        Of Counsel, *for* Loretta E. Lynch, United States Attorney for the
                        Eastern District of New York, Brooklyn, NY.


Appeal from a judgment of the United States District Court for the Eastern District of New York (Johnson, *J.*).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND**

**DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Anthony Pipola, proceeding *pro se*, appeals from the district court's final order denying his petition for a writ of *audita querela* under the All Writs Act, 28 U.S.C. § 1651(a), and moves for appointment of counsel and leave to proceed in forma pauperis. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

As an initial matter, and for the reasons discussed below, we deny Pipola's motion for appointment of counsel and leave to proceed in forma pauperis because Pipola's petition fails to state a claim on which relief may be granted. *Id.* § 1915(e)(2)(B)(ii).

We review *de novo* a district court's denial of a writ of *audita querela*. *United States v. Richter*, 510 F.3d 103, 104 (2d Cir. 2007) (per curiam). "The All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute." *Pennsylvania Bureau of Correction v. U.S. Marshals Serv.*, 474 U.S. 34, 43 (1985). As a result, "[w]here a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." *Id.*

Here, the writ of *audita querela* is not an available remedy, because, as a federal prisoner challenging the legality of his conviction, the relief Pipola seeks is covered by statute: 28 U.S.C. § 2255(a). *See also Cephas v. Nash*, 328 F.3d 98, 103 (2d Cir. 2003) ("[F]ederal prisoners challenging the legality of their convictions or sentences must proceed by way of motion pursuant to 28 U.S.C. § 2255 . . . ."). This conclusion is not undermined by the fact that any Section 2255 motion filed by Pipola must satisfy the threshold requirements applicable to successive Section 2255 motions, as he has already filed a Section 2255 motion challenging the conviction at issue that was denied on the merits. *See Quezada v. Smith*, 624 F.3d 514, 517 (2d Cir. 2010) (defining when a Section 2255 motion is "second or successive" under the Antiterrorism and Effective Death Penalty Act of 1996); *Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010) ("[T]he remedy under § 2255 is not inadequate or ineffective merely because the statute greatly restricts second or successive motions."); *United States v. Valdez-Pacheco*, 237 F.3d 1077, 1080 (9th Cir. 2001) ("A prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the postconviction remedies that must be filled by the common law writs.").

Accordingly, Pipola must present his claims in an application for leave to file a successive Section 2255 motion. Even if we construe Pipola's notice of appeal and appellate brief as such an application, we cannot consider it unless the application "is based on newly discovered evidence or a new rule of constitutional law made retroactive by the Supreme Court." *United States v. Fabian*, 555 F.3d 66, 68 (2d Cir. 2009); 28 U.S.C. § 2255(h). Because Pipola has not made such a showing in this appeal, we may not grant Pipola leave to file a successive Section 2255 motion.

We have considered all of Pipola's arguments on appeal and have found them to be

2

without merit.  Accordingly, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk