11-3757-cr
United States v. Spadoni

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of July, two thousand twelve,

Present:    ROSEMARY S. POOLER,
            DEBRA ANN LIVINGSTON,
                    *Circuit Judges*,
            BRIAN M. COGAN,*
                    *District Judge*.

―――――――――――――――――――――――――――――――――――

UNITED STATES OF AMERICA,

                    *Appellee*,

            -v-                                          11-3757-cr

CHARLES B. SPADONI,

                    *Defendant-Appellant*,

TRIUMPH CAPITAL GROUP, INC., FREDERICK W. MCCARTHY, LISA A. THIESFIELD, BEN F. ANDREWS,

                    *Defendants*.

―――――――――――――――――――――――――――――――――――

---

* The Honorable Brian M. Cogan, of the United States District Court for the Eastern District of New York, sitting by designation.

Appearing for Appellant:     Peter Max Zimmerman, Law Office of Peter Max Zimmerman, Townson, Md.

Appearing for Appellee:     John H. Durham, Counsel to the United States Attorney (Robert M. Spector, Assistant United States Attorney, *on the brief*), *for* David B. Fein, United States Attorney for the District of Connecticut, New Haven, Conn.

Appeal from a judgment of the United States District Court for the District of Connecticut (Burns, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Charles B. Spadoni appeals from his conviction and sentence for obstructing justice in violation of federal law. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Even if we assume, *arguendo*, that Spadoni's rights under the Fifth Amendment, including his right to due process, were violated when the government cited, in a document filed with this Court following Spadoni's first appeal, statements that he had made during a proffer session, any such violation of Spadoni's rights was harmless. *See* Fed. R. Crim. P. 52(a) ("Any error, defect, irregularity, or variance that does not affect substantial rights must be disregarded.").

In its response to Spadoni's petition to recall the mandate following his prior appeal before this Court, the government argued that the evidence presented at Spadoni's trial—wholly apart from anything Spadoni had revealed during a proffer session—supported the jury's finding that Spadoni had obstructed justice. Specifically, the government noted that "[a] forensic examination of Spadoni's computer showed that he accessed the . . . contract files in November 1998 and that those documents were stored on floppy disks as late as May 1999 . . . and December 1999 . . . . In other words, the evidence showed that Spadoni possessed the contract files on floppy disks in 1999, and yet failed to produce those documents when requested by subpoena."

Therefore, this Court was presented with a sufficient basis to conclude—even assuming that Spadoni was correct in claiming that the evidence at trial did not directly prove that he had destroyed certain files, and without considering the government's use of his proffer statements in its response to Spadoni's petition to recall the mandate—that the evidence at trial nonetheless supported his conviction for obstruction of justice and thus recall of the mandate was unwarranted. *See Bottone v. United States*, 350 F.3d 59, 62 (2d Cir. 2003) ("[I]n light of the profound interests in repose that attach to the mandate of a court of appeals, recall should be granted only in extraordinary circumstances." (internal quotation marks omitted)).

Accordingly, the judgment of the district court hereby is AFFIRMED.  In addition, Spadoni's supplemental motion to dismiss his indictment, dated January 31, 2012, is DENIED because even if we assume, *arguendo*, that the government breached the proffer agreement by disclosing information obtained from Spadoni in its brief filed with this Court in connection with Spadoni's present appeal, any such breach necessarily occurred after the conviction and sentence from which Spadoni currently appeals, and thus could not have had any influence on the judgment against him.  Spadoni's motion to strike, dated March 14, 2012, is thus DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk