United States v. Tapia

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 24th day of August, two thousand twenty.

Present:     DENNIS JACOBS,
            ROSEMARY S. POOLER,
                    *Circuit Judges.*
            BRENDA K. SANNES,[1]
                    *District Judge.*

_____

UNITED STATES OF AMERICA,

                    *Appellee*,

                v.                                          19-61

YESENIA NUNEZ TAPIA,

                    *Defendant-Appellant*.

_____

For Appellant:          Jeremy F. Orden, New York, N.Y.

For Appellee:           Kevin Trowel, Assistant United States Attorney, *for* Seth D. DuCharme, Acting United States Attorney, Eastern District Of New York, Brooklyn, N.Y.

_____

[1] Judge Brenda K. Sannes, United States District Court for the Northern District of New York, sitting by designation.

Appeal from the United States District Court for the Eastern District of New York (DeArcy Hall, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant-Appellant's motion to recall this Court's mandate be and it hereby is **GRANTED**, the judgment of the District Court be and it hereby is **VACATED**, and Defendant-Appellant's motion for en banc rehearing be and it hereby is **DENIED** as moot.

Defendant-Appellant Yesenia Nunez Tapia moves to recall this Court's May 18, 2020 mandate, which affirmed the judgment of conviction entered on January 3, 2019, in the United States District Court for the Eastern District of New York (DeArcy Hall, *J.*), following Tapia's conviction by jury trial for cocaine importation and possession offenses. Tapia also moves for en banc rehearing of her appeal in light of *United States v. Solano*, 966 F.3d 184 (2d Cir. 2020), which held that the same jury instruction used in Tapia's trial violated the defendant's constitutional right to the presumption of innocence. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"This court has an inherent power to recall its mandate, subject to review for abuse of discretion." *Bottone v. United States*, 350 F.3d 59, 62 (2d Cir. 2003). Though "[o]ur power to recall a mandate is unquestioned," we have explained that "this power is to be exercised sparingly" in order to protect the finality of judicial proceedings and is "reserved for exceptional circumstances." *Sargent v. Columbia Forest Prod., Inc.*, 75 F.3d 86, 89 (2d Cir. 1996) (internal quotation marks and citations omitted). We consider four factors in evaluating whether to recall a mandate, including: "(1) whether the governing law is unquestionably inconsistent with the earlier decision; (2) whether the movant brought to the Court's attention that a dispositive decision was pending in another court; (3) whether there was a substantial lapse in time between the issuing of the mandate and the motion to recall the mandate; and (4) whether the equities strongly favor relief." *Stevens v. Miller*, 676 F.3d 62, 69 (2d Cir. 2012) (internal quotation marks and citation omitted).

We conclude that these factors weigh in favor of recalling our mandate here. Tapia did not bring *Solano* to this Court's attention before we decided her appeal. Nevertheless, *Solano*—now the governing law in this Circuit—unquestionably contradicts our earlier decision in this case upholding the district court's jury instruction as to the credibility of witnesses with an interest in the outcome of the case. *Solano* held that the same interested witness charge at issue in this case unconstitutionally undermined the defendant's right to the presumption of innocence. *See Solano*, 966 F.3d at 197. Further, Tapia moved to recall our mandate less than three months after it issued, and less than two weeks after *Solano* was decided. Finally, equities strongly favor the relief that Tapia seeks, because the defendants in both cases were similarly situated. *Solano* considered the same jury instruction from the same judge who presided over Tapia's trial, and as in Tapia's case, the *Solano* defendant's trial testimony was relevant to the disputed issue of whether the defendant knew that an item he transported contained cocaine. We therefore grant Tapia's motion to recall this Court's mandate.

Tapia also moves for en banc rehearing of her appeal in light of *Solano*. En banc rehearing is not necessary to resolve Tapia's appeal, however, because *Solano* is sufficient to resolve the issue on which Tapia seeks rehearing in her favor. As the defendant in *Solano* did, Tapia raises a challenge to the jury instruction for the first time on appeal as violating her presumption of innocence. We therefore review the jury instruction for plain error. *See* Fed. R. Crim. P. 52(b). Under the plain error standard, the defendant has the burden to show that there is "(1) error, (2) that is plain, and (3) that affects substantial rights." *Solano*, 966 F.3d at 193 (internal quotation marks, brackets, and citation omitted). "An error affects substantial rights when it is prejudicial—that is, when there is a reasonable probability that the error affected the outcome of the trial." *Id.* (internal quotation marks and citation omitted). If the defendant meets this burden, then we may "notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation marks, brackets, and citation omitted).

The interested witness charge used in Tapia's trial "impute[d] a motive to testify falsely to 'any' interested witness and thereby encompasse[d] a testifying defendant," *id.* at 197, was identical to the charge used in *Solano*, and therefore was plainly erroneous. We further conclude that the erroneous jury instruction affected Tapia's substantial rights, and that this error seriously affected the fairness of the judicial proceedings. Whether Tapia knew that the bottle she transported to the United States contained cocaine was the key issue at trial, and Tapia was the sole defense witness. Tapia's credibility was squarely at issue, and the government repeatedly challenged Tapia's credibility during its summation. We conclude based on *Solano* and the circumstances of Tapia's trial that the the district court's interested witness charge was plainly erroneous, and merits vacatur of Tapia's conviction. For the reasons set out in our previous summary order, however, we leave undisturbed the resolution of Tapia's other arguments on appeal. *See United States v. Tapia*, 799 F. App'x 80, 82 (2d Cir. 2020).

Accordingly, we hereby GRANT Tapia's motion to recall this Court's mandate, VACATE the judgment of the District Court, DENY as moot Tapia's motion for an en banc rehearing, and remand for further proceedings consistent with this opinion.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk